IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DEQSER LLC, *et al*.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10687 (CTG)<br>(Jointly Administered)<br><br>RE: D.I. 143 |

## ORDER APPROVING SETTLEMENT

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors-in-possession (the "**Debtors**"), for entry of an order approving a settlement of Debtor KNY 26671 LLC ("**KNY**") with Herbert Kannegiesser GmbH ("**HK**") and Kannegiesser ETECH Inc. ("**ETECH**") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given under the circumstances, and it appearing that no other or further notice need be provided; and the Court having determined that the relief requested in the Motion being in the best interests of the Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted

---

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of their federal tax identification numbers, are: (i) Deqser LLC (8269) and (ii) KNY 26671 LLC (9132) (collectively, the "Debtors"). The Debtors' mailing address is: c/o Cooperative Laundry, 1 Eastern Road, Kearny, NJ 07032.

[2] Capitalized terms not defined in this Order are as defined in the Motion or Settlement Agreement.

herein, and that such relief is within the reasonable business judgment of the Debtor; and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, DECREED, AND ADJUDGED THAT**:

1. The Motion is granted as set forth herein. All objections, if any, are hereby overruled.

2. The Settlement Agreement is approved in its entirety. Without limiting the generality of the foregoing, specifically:

   A. HK has an immediate right to have technicians of its choice inspect its collateral at KNY's plant in Kearny, New Jersey, on June 19 and 20, 2025. Such inspection will be conducted in a manner and at hours so as not to unreasonably interfere with KNY's business.

   B. Subject to Debtor's performance under the Settlement Agreement, ETECH shall continue to provide parts and service to KNY at its customary prices through such date as KNY has spent and received $497,946 worth of parts and services; provided, however, that KNY must prepay for all parts and services which it orders.

   C. Neither the Debtors, Debtors' estates, their successors, trustees, or parties-in-interest will have any right to surcharge the collateral of HK pursuant to §506(c) of the Bankruptcy Code or otherwise.

   D. Any parts or equipment which are incorporated by KNY into the HK collateral will be subject to HK's prepetition lien in the same priority as such lien. Any new equipment purchased by KNY which is not incorporated into the HK collateral will not be subject to HK's prepetition lien.

  E. KNY will promptly make a one-time payment to HK of $5000, which payment shall not be construed as an admission that adequate protection is necessary or appropriate.

  F. During the pendency of the Settlement Agreement, Debtors shall provide ETECH with the information required by the Settlement Agreement.

3. The rights of all parties with respect to the matters which are the subject of the Settlement Agreement or KNY's bankruptcy case are reserved. Specifically, and without limiting the foregoing, HK and ETECH reserve all rights, if any, to discontinue providing sales and service after the Termination Date in the Settlement Agreement, and the Debtors reserve all rights, if any, to take legal action to enjoin such discontinuance. Nothing in this Order or in the Settlement Agreement shall be construed to modify, enhance, lessen, or in any other way affect, the rights that the Debtors, HK, and ETECH had prior to entering into the Settlement Agreement; provided, that such parties may enforce the specific terms of the Settlement Agreement.

4. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

**Dated: June 18th, 2025**
**Wilmington, Delaware**

            **CRAIG T. GOLDBLATT**
            **UNITED STATES BANKRUPTCY JUDGE**