**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>DEQSER LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10687 (CTG)<br>(Jointly Administered)<br><br>RE: D.I. 254 and 278 |

**ORDER (I) AUTHORIZING THE DEBTORS TO AMEND**
**THE DIP TERM SHEET AND (II) GRANTING RELATED RELIEF**

Upon the *Debtors' Motion for an Order (I) Authorizing the Debtors to Amend the DIP Term Sheet and Obtain Financing and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (i) authorizing the Debtors to amend the DIP Term Sheet to (a) increase the size of the DIP Facility by up to $2.0 million in new money DIP Loans ("Additional DIP Loans") pursuant to the First Amendment to DIP Facility Term Sheet attached hereto as **Exhibit 1** (the "Amendment"); (b) increase the interest and fees on the Additional DIP Loan; and (c) make certain technical modifications to provisions of the DIP Term Sheet in connection therewith; and (ii) granting related relief, all as more fully set forth in the Motion; and upon the *Declaration of Sang Cho in Support of Chapter 11 Petitions and First Day Motions* [D.I. 16] (the "First Day Declaration"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors'

---

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of their federal tax identification numbers, are: (i) Deqser LLC (8269) and (ii) KNY 26671 LLC (9132) (collectively, the "Debtors"). The Debtors' mailing address is: c/o Cooperative Laundry, 1 Eastern Road, Kearny, NJ 07032.

[2] Unless stated otherwise, capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Amendment (as defined below), as applicable.

estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), as well as the objection of Herbert Kannegiesser GmbH ; and this Court having taken judicial notice of the testimony and arguments in previous hearings before this Court with respect to the Debtor-in-Possession financing and the DIP Term Sheet; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**THIS COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW BASED UPON THE MOTION, THE REPRESENTATIONS OF COUNSEL AND EVIDENCE SUBMITTED DURING THE HEARING ON THE MOTION**:[3]

A. Good and sufficient cause has been shown for the entry of this Order.

B. The Debtors have an immediate need to obtain the Additional DIP Loans, among other things, to pay the Debtors' operating budget shortfall and administrative costs of these chapter 11 cases. The access of the Debtors to liquidity through the incurrence of new indebtedness is necessary and vital to the preservation and maintenance of the Debtors' estates.

C. The financing available under the DIP Term Sheet, as amended by the Amendment, represents the best and only available financing option for the Debtors under the circumstances.

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014, and shall take effect and be fully enforceable effective immediately upon entry hereof. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

The Debtors are unable to obtain financing on more favorable terms from sources other than the DIP Lender under the DIP Term Sheet, as amended by the Amendment, and are unable to obtain adequate unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense. The Debtors also are unable to obtain secured credit allowable under sections 364(c)(1), 364(c)(2), and 364(c)(3) of the Bankruptcy Code without the Debtors granting to the DIP Lender the DIP Liens and the DIP Superpriority Claims under the terms and conditions set forth in this Order, the Final Order (defined below), and the DIP Term Sheet.

D. The terms of the Amendment are fair and reasonable, reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties, and constitute reasonably equivalent value and fair consideration.

E. The terms of the Amendment have been negotiated in good faith and at arm's length between the Debtors and DIP Lender. All parties' obligations and indebtedness arising under, in respect of, or in connection with the Amendment shall be deemed to have been extended by the DIP Lender in good faith, as that term is used in section 364(e) of the Bankruptcy Code, and in express reliance upon the protections offered by section 364(e) of the Bankruptcy Code, and the DIP Lender (and the successors and assigns thereof, solely in their capacity as such) shall be entitled to the full protection of section 364(e) of the Bankruptcy Code in the event that this Order or any provision hereof is vacated, reversed, or modified, on appeal or otherwise.

Based upon the foregoing findings and conclusions, the Motion and the record before this Court with respect to the Motion, and after due consideration and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1. <u>Disposition</u>. The relief requested in the Motion is **GRANTED** on a basis as set

forth herein. The Amendment, which is attached as **Exhibit 1** to this Order, is authorized and approved. The *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Security Interests and Superpriority Administrative Expense Status, (III) Granting Adequate Protection to Certain Prepetition Secured Credit Parties, (IV) Modifying the Automatic Stay, (V) Authorizing the Debtors to Enter Into Agreements with CSV Capital Partners LLC, (VI) Authorizing Non-Consensual Use of Cash Collateral, and (VII) Granting Related Relief* [Doc 182] ("***Final Order***"), as amended to include the terms of the Amendment, shall otherwise remain in full force and effect. Any and all objections to the Motion with respect to the entry of this Order that have not been withdrawn, waived, settled, or resolved, and all reservations of rights included therein, are hereby denied and overruled on the merits.

2. Approval of the Amendment. Notwithstanding Paragraph i. of the Final Order, the Debtors are authorized, but not directed, to borrow money pursuant to the DIP Term Sheet, as amended by the Amendment, up to an aggregate principal amount equal to $4.5 million (*plus* any and all paid-in-kind amounts), subject to any limitations on borrowing under the DIP Term Sheet, as amended by the Amendment, and Final Order.

3. Privileges, Protections, and Priority. All liens, priorities, and other rights, remedies, benefits, privileges, and protections provided to the DIP Lender in the Final Order shall apply with equal force and effect with respect to the Amendment and all obligations in connection with or related to the Amendment. Notwithstanding Paragraph 23 of the Final Order, the Additional DIP Loans will rank *pari passu* in right of payment and security with the original DIP Loans. Accordingly, consistent with Paragraph 9 of the Final Order, the DIP Lender's claims with respect to the Additional DIP Loans shall be superpriority administrative expense claims with priority under section 364(c)(1) of the Bankruptcy Code over all other administrative expense claims and

unsecured claims against the Debtors, subject only to the Carve-Outs (as defined in the Final Order). In furtherance of the foregoing, except as modified by this Order, for all purposes under the Final Order the defined term "DIP Loans" shall include the Additional DIP Loans, the defined term "DIP Obligations" shall include all obligations in connection with or related to the Amendment, and the defined term "DIP Term Sheet" shall mean the DIP Term Sheet as amended by the Amendment.

4. Final Order. The terms of the Final Order are incorporated herein and made part of this Order. Except as expressly modified by this Order, the Final Order shall remain unchanged and in full force and effect. All factual and other findings and conclusions of law contained in the Final Order shall remain fully applicable, including with respect to the Additional DIP Loans, except to the extent specifically modified herein. The rights of Herbert Kannegiesser GmbH and Kannegiesser North America, LLC, a/k/a ETECH (collectively, "HKG") set forth in both the Final Order in that certain Settlement Agreement between the Debtors and HKG dated June 11, 2025, shall remain unchanged. For the avoidance of doubt, the provisions in the DIP Term Sheet and the Final Order regarding "Carve Outs", shall remain unchanged and in full force and effect, as amended by the additional Carve Out in favor of Merchant as set forth in ¶ 7 below.

5. Rights of the DIP Lender. For the avoidance of doubt, except as otherwise specifically provided herein and in the Amended Term Sheet, nothing in this Order or the Amendment is intended to nor shall alter, impair, or otherwise affect the claims or the priority thereof, or the other rights and interests of the DIP Lender under the Final Order, the DIP Term Sheet, or the DIP Loan Documents.

6. Eastern Stipulation. The following stipulation between the Debtors and Eastern Funding LLC is hereby approved: Debtors hereby acknowledge that on August 28, 2025, Eastern

Funding LLC ("**Eastern**") filed its claim in the amount of $6,262,375.98 (the "**Original KNY Claim**") with respect to Debtor KNY 26671 LLC ("**KNY**"). Eastern acknowledges that it has since negotiated with KNY concerning the amount of the Original KNY Claim, and Eastern and KNY agree that the amount of Eastern's claim should be $6,060,577.74 (the "**Revised KNY Claim**").Eastern holds a first-priority perfected security interest in the equipment described in the Eastern Loan Documents (the "**Eastern First-Priority Collateral**") and a junior perfected security interest in all other assets of KNY, except accounts receivable (the "**Eastern Junior Position Collateral**"), subject to prior security interests claimed by Herbert Kannegiesser GmbH ("Kannegiesser"), FVP Servicing, Inc., now owned by CSV Capital Partners LLC, Merchant Financial Corporation ("**Merchant**"), and subject to this Court's Final Order (i) Authorizing The Debtors To Obtain Post-petition Financing, (ii) Granting Security Interests And Superpriority Administrative Expense Status, (iii) Granting Adequate Protection To Certain Prepetition Secured Credit Parties, (iv) Modifying The Automatic Stay, (v) Authorizing The Debtors To Enter Into Agreements With CSV Capital Partners LLC; (vi) Authorizing Non-Consensual Use Of Cash Collateral, And (vii) Granting Related Relief, entered on August 6, 2025, (the "**Final Order**") Pursuant to the Final Order, Eastern subordinated its security interest in the Eastern Junior Position Collateral to the post-petition liens granted to CSV Capital Partners LLC (the "**Post-Petition Lender**") on the terms and conditions set forth in the Final Order. Debtors further acknowledge that on August 8, 2025 Eastern filed its unsecured claim in the amount of $20,464,466.73 (the "**Deqser Original Claim**") with respect to Debtor Deqser, LLC ("**Deqser**"). Eastern hereby acknowledges that it has since negotiated with Deqser concerning the Original Deqser Claim, and Eastern and Deqser agree that the amount of Eastern's claim should be $20,262,668.50 (the "**Revised Deqser Claim**"). Debtors hereby stipulate and agree to the validity, of Eastern's lien as

a first-priority perfected security interest in all of the Eastern First-Priority Collateral and Eastern's junior perfected security interest in the Eastern Junior Position Collateral, subject to the priority security interest on such collateral in favor of Kannegiesser (to the extent Kannegiesser's lien is allowed and not subordinated), Merchant, FVP Servicing, Inc., and the Post-Petition Lender. Debtors further stipulate and agree to the amount of Eastern's Revised KNY Claim and Revised Deqser Claim. Notwithstanding the forgoing stipulations, the Debtors and Eastern reserve their respective rights as to the value of any of Eastern's collateral and as to the amount of Eastern's secured claim and if applicable, its unsecured claim as to KNY. The inclusion of this reservation of rights is not an admission by Eastern as to the value of its collateral or the amount of its secured claim. This Stipulation shall be binding on the Debtors, any subsequent trustee, responsible person, examiner with expanded powers, and other estate representatives, and all creditors and parties-in-interest and all of their successors and assigns, including, without limitation, the official unsecured creditors' committee; provided, however, that the foregoing parties-in-interest (other than the Debtors) may challenge if they have sought and obtained standing and the requisite authority to commence a challenge, pursuant to appropriate bankruptcy procedures, and have filed the appropriate proceedings under the Bankruptcy Code and have timely commenced the appropriate proceedings required under the Bankruptcy Code and the Bankruptcy Rules challenging the KNY Claim by no later than February 15, 2026. If the KNY Chapter 11 is converted to a case under Chapter 7, or a Chapter 11 Trustee is appointed for KNY, such Trustee shall have 14 days from the appointment to file a challenge.

7. Merchant Adequate Protection. The protections provided to Merchant in the Final Order are hereby amended as follows:

A. The adequate protection payments owed to Merchant on the 15th of each month in

the amount of $25,000.00 per month will be increased to $50,000.00 per month beginning with the payment due May 15, 2026. Any amounts paid to Merchant in excess of $25,000.00 will be credited by Merchant as a reduction in principal.

B. Within five business days of entry of this Order, Debtors (a) will make an additional one time adequate protection payment to Merchant in the amount of Five Thousand Dollars ($5,000.00), and (b) pay Merchant fifty thousand dollars ($50,000.00) for its December and January adequate protection payments. Debtors will not then owe a further adequate protection payment to Merchant until February 15, 2026.

C. Merchant shares a first priority lien on post-petition Accounts Receivable with the DIP Lender *pari passu* on a *pro rata* basis in accordance with their respective debt. All Accounts Receivable generated after the entry of this Order will be shared between Merchant and the DIP Lender *pari passu*, but split 55% to Merchant and 45% to the DIP Lender, rather than *pro rata*.

D. To the extent that any payments to Merchant required by this Order or the Final Order are late after the entry of this Order, Merchant shall provide Debtors with written notice of the late payment. Debtors will have seven (7) business days from receipt of the written notice to cure the late payment, and if they fail to do so, Merchant will be entitled to a late payment fee consisting of ten percent (10%) of the amount which was due and is late (the "Late Payment Fee"). The foregoing does not in any way limit Merchant's rights to seek to enforce this Order or the Final Order.

E. To the extent any payments to Merchant required by this Order or the Final Order are late after the entry of this Order, until such late amounts are paid, Merchant is

hereby granted a super priority priming lien on all the assets of the Debtors, other than equipment on which Eastern Funding has a first lien, in the amount of such late payments, including any Late Payment Fees. For the avoidance of doubt, the priming lien granted herein will not prime the first priority lien held by Eastern Funding on certain equipment of the Debtor. In order to effectuate such lien, Paragraph 16(b) of the Final Order is hereby amended in its entirety to provide as follows: "The term "Carve-Outs" refers to the Professional Carve-Out, the Claim Carve-out, and the Merchant Carve-Out." A new paragraph 16( e) is added to the Final Order which provides:

> (e) Merchant Carve-Out. The term "Merchant Carve-Out" shall mean the amount of any payments owed to Merchant pursuant to any orders authorizing DIP Financing which are paid late, and any Late Payment Fees incurred with respect thereto, until such amounts are paid. For purposes of distribution, the Merchant Carve Out shall be subject to payment of any Statutory Fees and the Committee Earmark (as both defined in paragraph 16(c) of the Final Order) and be paid pari passu on a pro rata basis with any unpaid Priority Professional Fees in accordance with paragraph 16(c)(v) of the Final Order.

F. Notwithstanding anything to the contrary in the Amendment, this Order, or the Final Order, the Debtors may only draw any amounts in excess of $1,250,000.00 of the Additional DIP Loans upon either (a) the consent of Merchant, which consent shall not be unreasonably withheld, or (b) a Court order in the absence of consent from Merchant.

G. Except as specifically modified herein, all protections and rights granted to Merchant in the Final Order remain in full force and effect.

8. HKG Stipulation. The following stipulation between the Debtors and HKG is hereby approved:

A. No later than January 15, 2026, the Debtor shall provide HKG with a written synopsis of repairs which have been done to date.

B. The Debtors acknowledge that HKG has the right to inspect its collateral at reasonable intervals and at reasonable hours in a manner that does not unreasonably interfere with the Debtor's business.

C. Both the Debtors and HKG reserve all rights.

9. Binding Effect, Successors and Assigns. The provisions of this Order, including all findings herein, shall be binding upon all parties in interest in these chapter 11 cases, including, without limitation, the Debtors, the DIP Lender, the Committee, and their respective successors and permitted assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the estate of any of the Debtors, an examiner appointed pursuant to section 1104 of the Bankruptcy Code, or any other fiduciary appointed as a legal representative of any of the Debtors or with respect to the property of the estate of any of the Debtors) and shall inure to the benefit of the DIP Lender. In determining to make any DIP Loan or in exercising any rights or remedies as and when permitted pursuant to this Order, the DIP Term Sheet, or the other DIP Loan Documents, the DIP Lender (in its capacity as such) shall not (i) be deemed to be in control of the operations of the Debtors, or (ii) owe any fiduciary duty to the Debtors, their respective creditors, shareholders, or estates.

10. Headings. Section headings used herein are for convenience only and are not to

affect the construction of or to be taken into consideration in interpreting this Order.

11. Effectiveness. This Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable immediately upon entry hereof. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062, or 9014, any Local Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order.

12. Retention of Jurisdiction. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.



**Dated: December 22nd, 2025**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**