# EXHIBIT 1

# FIRST AMENDMENT TO DIP FACILITY TERM SHEET

THIS FIRST AMENDMENT TO DIP FACILITY TERM SHEET (this "***Amendment***") is made as of December 17, 2025, between Deqser LLC and KNY 26671 LLC , those debtors and debtors-in- possession (the each, a "***Debtor***" and, collectively, the "***Debtors***") and CSV Capital Partners LLC and/or its designees or its assigns (the "***DIP Lender***").

RECITALS

WHEREAS, the Debtors and the DIP Lender entered into that certain DIP Facility Term Sheet, dated as of May 23, 2025 ("***Existing Term Sheet***") attached as Exhibit 1 to the Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Security Interests and Superpriority Administrative Expense Status, (III) Granting Adequate Protection to Certain Prepetition Secured Credit Parties, (IV) Modifying the Automatic Stay, (V) Authorizing the Debtors to Enter Into Agreements with CSV Capital Partners LLC, (VI) Authorizing Non-Consensual Use of Cash Collateral, and (VII) Granting Related Relief ("***Final Order***") entered on August 6, 2025 by the United States Bankruptcy Court for the District of Delaware ("***Bankruptcy Court***") in the Debtors' jointly administered bankruptcy case no. 25-10687 ("***Bankruptcy Case***").

WHEREAS, the Debtors have requested, and the DIP Lender has agreed, as set forth herein, to amend certain provisions of the Existing Term Sheet.

WHEREAS, the Existing Term Sheet as amended by this Amendment shall be referred to as the "***DIP Term Sheet***".

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein and, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby agree as follows:

AMENDMENT

1. Existing Term Sheet; Final Order. Unless the context otherwise requires or otherwise expressly defined herein, the terms defined in the Existing Term Sheet and Final Order shall have the same meanings whenever used in this Amendment. If there is a conflict between the Existing Term Sheet and Final Order, the terms of the Final Order control.

2. Definition of DIP Facility. The definitions of "DIP Facility" and "DIP Loans" are hereby amended by striking the definitions in the Existing Term Sheet replacing them in their entirety as follows:

> A non-amortizing, priming, super-priority, senior secured, multiple-draw term debtor-in-possession facility in the aggregate principal amount not to exceed $4,500,000.00 (the "***DIP Facility***" and the loans made thereunder, the "***DIP Loans***"). The first tranche of DIP Loans shall not exceed $2,500,000 ("***First Tranche***"). All DIP Loans made on or after the date of this Amendment shall not exceed $2,000,000 ("***Second Tranche***").

3. Interest. The definition of "Interest Rate" is hereby amended by striking the definition in the Existing Term Sheet replacing it in its entirety as follows:

> Any First Tranche DIP Loans shall bear interest at a rate per annum equal to 8%, payable in cash or at 11% payment in kind, at the election of the Debtors, on the first day of each month in arears (the "***First Tranche Interest Rate***") and any Second Tranche DIP Loans shall bear interest at a rate per annum equal to 15% payment in kind on the first day of each month in arears (the "***Second Tranche Interest Rate***", and, together with the First Tranche Interest Rate, the "***Interest Rate***").

4. Commitment Fee.

a. The definition of "Commitment Fee" is hereby amended by striking the definition in the Existing Term Sheet replacing it in its entirety as follows:

> The Debtors shall pay to the DIP Lender a commitment fee equal to 2.0% of the total DIP Loans made in the First Tranche (the "***First Tranche Commitment Fee***") and commitment fee equal to 5.0% of the total DIP Loans made in the Second Tranche (the "***Second Tranche Commitment Fee***", and, together with the Second Tranche Commitment Fee, the "***Commitment Fee***").

b. For the avoidance of doubt, each disbursement under a draw made in the First Tranche shall be subject to an applicable 2.0% Commitment Fee and each disbursement under a draw made in the Second Tranche shall be subject to an applicable 5.0% Commitment Fee.

5. Funding and Conditions Precedent.

a. Subject to the Conditions Precedent (defined below), the DIP Lender shall fund the Second Tranche as follows:

   i. $500,000 on or after December 19, 2025 ("***Initial Second Tranche Draw***");

   ii. $250,000 on or after February 4, 2026 ("***Subsequent Second Tranche Draw***");

   iii. $1,250,000 in the DIP Lender's sole and absolute discretion based upon Debtors' financial performance and funding needs.

b. The obligations of the DIP Lender to make any DIP Loans in the Second Tranche shall be conditioned on the satisfaction or waiver of the conditions precedent in the Existing Term Sheet, as well as the following conditions precedent (collectively, the "***Conditions Precedent***"):

i. With respect to the availability of the Initial Second Tranche Draw, the entry by the Bankruptcy Court of an order approving the terms of this Amendment in form and substance acceptable to the DIP Lender in its sole and absolute discretion.

ii. With respect to the availability of the Subsequent Second Tranche Draw:

1. The exclusive period to file a plan be extended through and including February 4, 2026 and the exclusive period for solicitation to be extended through and including April 6, 2026.
2. The Debtors have filed a plan as of February 4, 2026 or received a further extension of such exclusive period.
3. The Debtors have entered into contracts providing service to 14,000 beds (existing and new), which services must be scheduled to commence no later than March 1, 2026.

6. Amendment Effective Date. This Amendment shall become effective as of the date on which the following conditions shall have been satisfied (or waived by the DIP Lender) (such date, the "Amendment Effective Date"):

a. The DIP Lender shall have received counterparts of this Amendment duly executed and delivered by the Debtors and the DIP Lender.

b. The Bankruptcy Court shall have entered an order authorizing the Debtors' entry into this Amendment.

7. Effect on the DIP Loan Documents. Except as expressly set forth herein, this Amendment shall not by implication or otherwise limit, impair, constitute a waiver of or otherwise affect the rights and remedies of the DIP Lender under the Final Order, Existing Term Sheet, or any other DIP Loan Documents, and shall not alter, modify, amend or in any way affect any of the terms, conditions, obligations, covenants or agreements contained in the Final Order, Existing Term Sheet or any other DIP Loan Documents, all of which are ratified and affirmed in all respects and shall continue in full force and effect. All of Debtors' obligations under this Amendment (including all Second Tranche DIP Loans and interest and fees incurred in connection therewith) shall be DIP Obligations. This Amendment is a DIP Loan Document. Nothing herein shall be deemed to entitle Debtors to a consent to, or a waiver, amendment, modification or other change of, any of the terms, conditions, obligations, covenants or agreements contained in the Existing Term Sheet or any other DIP Loan Documents in similar or different circumstances.

8. Reaffirmation. By signing this Amendment, each party hereby confirms that (a) its obligations and liabilities under the Final Order, Existing Term Sheet, and the other DIP Loan Documents to which it is a party remain in full force and effect on a continuous basis after giving effect to this Amendment, and (b) notwithstanding the effectiveness of the terms hereof, the Final Order, Existing Term Sheet, and the other DIP Loan Documents are, and shall continue to be, in full force and effect and are hereby ratified and confirmed in all respects. Each party ratifies and confirms that all DIP Liens and security interests granted, conveyed, or assigned to the DIP Lender

under the Final Order, Existing Term Sheet, and the other DIP Loan Documents to which it is a party remain in full force and effect, are not released or reduced, and continue to secure full payment and performance of the DIP Obligations.

9. Conflicts. The Exiting Term Sheet shall be construed together with this Amendment as one agreement constituting the DIP Term Sheet. In the event of conflict among the terms and conditions of the Existing Term Sheet and this Amendment, this Amendment shall prevail.

10. Counterparts; Electronic Execution. This Amendment may be executed in any number of counterparts and by different parties on separate counterparts, each of which, when executed and delivered, shall be deemed to be an original, and all of which, when taken together, shall constitute but one and the same Amendment. Delivery of an executed counterpart of this Amendment by facsimile or other electronic method of transmission shall be equally as effective as delivery of an original executed counterpart of this Amendment. Any party delivering an executed counterpart of this Amendment by facsimile or other electronic method of transmission also shall deliver an original executed counterpart of this Amendment but the failure to deliver an original executed counterpart shall not affect the validity, enforceability, and binding effect of this Amendment.

**THIS AMENDMENT REPRESENTS THE FINAL AGREEMENT AMONG THE PARTIES HERETO AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN OR AMONG THE PARTIES HERETO.**

[*The remainder of this page has been intentionally left blank.*]

*IN WITNESS WHEREOF*, the parties hereto have caused this Amendment to be duly executed by their respective authorized officers as of the date first above written.

**DEBTORS**:

**DEQSER LLC**

By: ______________________________________
Name: **Sang Cho**
Title:

**KNY 26671 LLC**

By: ______________________________________
Name: **Sang Cho**
Title:

*IN WITNESS WHEREOF*, the parties hereto have caused this Amendment to be duly executed by their respective authorized officers as of the date first above written.

**DIP LENDER:**

**CSV CAPITAL PARTNERS LLC**

By: ___________________________________
Name:
Title: