**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>DEQSER LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10687 (CTG)<br>(Jointly Administered)<br><br>RE: D.I. 300 and 407 |

**ORDER AUTHORIZING THE ASSUMPTION**
**OF UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order") authorizing the assumption of the Lease; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estate, its creditors and other parties in interest; and the Debtors having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and overruled any objections to the Motion having been filed with this Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that the Debtors have demonstrated an ability to make the required cure payments and adequate assurance of future performance; and upon all of the proceedings had before the Court; and after

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of their federal tax identification numbers, are: (i) Deqser LLC (8269) and (ii) KNY 26671 LLC (9132) (collectively, the "Debtors"). The Debtors' mailing address is: c/o Cooperative Laundry, 1 Eastern Road, Kearny, NJ 07032.

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED**, as set forth herein.

2. All Objections, if any, are hereby overruled.

3. Upon entry of this Order, the Lease is hereby assumed by the Debtors.

4. The Lease shall be deemed valid and binding, in full force and effect in accordance with its terms, subject to the provisions of this Order.

5. The cure amount (the "Cure Amount") required to be paid under section 365(b) of the Bankruptcy Code in connection with the assumption of the Lease shall be paid by the Debtors pursuant to, and in accordance with, the dates and deadlines set forth in the agreed upon schedule attached hereto as Schedule I (the "Cure Schedule").

6. The Lease is hereby amended as set forth in Schedule II attached hereto (the "Lease Modification Schedule" and, together with the Cure Schedule, the "Agreed Schedules"). The Parties shall execute a Lease amendment memorializing the Lease Modification Schedule within forty-five (45) days after the entry of this Order, unless such time period is extended upon consent of the Landlord.

7. In exchange for Landlord's agreement to fulfill the obligations set forth in the Agreed Schedules and the Lease, with time being of the essence, the Debtors have agreed to the following terms related to any default under the Agreed Schedules and/or the Lease (a "Default"):

   a. Until such time as the Cure Amount is paid in full, the failure to make a timely payment as set forth in the Agreed Schedules or Lease shall be deemed a Default.

   b. In the event of a Default, the Landlord or its counsel shall provide written notice of a Default to the Debtors (with e-mail being sufficient), and the Debtors shall have five (5) business days to promptly cure such Default in full (the "Default Cure

Period”).

c. In the event of a Default during the pendency of these Bankruptcy Cases, and after the expiration of the applicable Default Cure Period without full cure, the Landlord is hereby authorized, on two (2) business days’ notice, to seek entry of an order by the Bankruptcy Court (i) deeming the Lease terminated; (ii) granting the Landlord relief from the automatic stay, as and if needed; (iii) granting the Landlord the right to immediately submit the Consent Judgment attached hereto as Schedule 3 (the “Consent Judgment”)[3] to the state court for entry, to the extent necessary to effectuate the Debtors’ vacating and surrender of the Premises; (iv) requiring the Debtors to immediately surrender and vacate the Premises.

d. In the event of a Default, the Debtors may not contest their obligation to pay any of the amount set forth in Schedule I or Schedule II, with the exception of the water bill and the sewer bill for usage after December 31, 2025, while such amounts are estimated and until such time as water and sewer bill amounts are actually invoiced to Landlord (and/or directly to the Debtors) by the water or sewer utilities.

e. To the extent the Cure Amount is not paid in full following the closure or dismissal of these Bankruptcy Cases, upon the expiration of the Default Cure Period without a full cure, the Landlord shall be authorized to promptly file the Consent Order attached hereto as Schedule 4 (the “Consent Order”) in the state court matter captioned *KPIP URBAN RENEWAL I, LLC v. KNY26671 LLC D/B/A COOPERATIVE LAUNDRY TRI-STATE LLC*, brought in the Superior Court of

[3] The Debtors shall be obligated to provide the Landlord with a new executed Consent Judgment with an updated date within three (3) business days of the Debtors’ request for same, to the extent required to effectuate entry of same by the state court.

New Jersey, Hudson County, Special Civil Part, Tenancy, under Docket HUD-LT-001842-25 (the "State Court Proceeding") and to obtain the relief as called for in that Consent Order to the extent a Default occurs. In such event, the Debtors shall not oppose or contest the reopening of the State Court Proceeding, or the entry of the Consent Order in same. Further, if for any technical or procedural reason the Consent Order cannot be entered and/or the State Court Proceeding reinstated, Landlord shall be authorized to file a new action alleging a Default and asserting the Cure Amount as a rent arrearage, and the Debtors shall not be permitted to oppose same.

8. Notwithstanding anything to the contrary in this Order, the Lease, or any stipulation with the Landlord, Merchant Financial Corporation's protections, liens, priorities, and rights under the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Security Interests and Superpriority Administrative Expense Status, (III) Granting Adequate Protection to Certain Prepetition Secured Credit Parties, (IV) Modifying the Automatic Stay, (V) Authorizing the Debtors to Enter Into Agreements with CSV Capital Partners LLC, (VI) Authorizing Non-Consensual Use of Cash Collateral, and (VII) Granting Related Relief* [Doc 182], as supplemented by the *Order (I) Authorizing the Debtors to Amend the DIP Term Sheet and (II) Granting Related Relief* [D.I. 279], are not primed, impaired, subordinated, surcharged, or otherwise prejudiced by this Order. For the avoidance of doubt, any unpaid cure amounts (including any installments) shall be allowed solely as administrative expenses under sections 365(b)(1) and 503(b)(1) and are expressly junior to any claims entitled to priority under section 507(b).

9. To the extent that any provisions in any other agreement between the parties

conflict with this Order, the provisions of this Order shall govern.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. Nothing herein shall limit or impair the Landlord's rights, as expressly set forth in this Order, to pursue enforcement of the Consent Judgment or Consent Order in state court, including following dismissal or closure of these bankruptcy cases, without further order of this Court.

**Dated: May 4th, 2026**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**