# SCHEDULE 4

***W. LANE MILLER P.C.***
1203 US HIGHWAY 9 SOUTH
WOODBRIDGE, NEW JERSEY 07095
732-855-9898 E MAIL: LANE@WLMILLERLAW.COM
NJ Attorney ID#: 010761984
**ATTORNEYS FOR PLAINTIFF**

| | |
|---|---|
| KPIP URBAN RENEWAL I, LLC<br><br>Plaintiff(s),<br><br>vs.<br><br>KNY26671 LLC D/B/A COOPERATIVE LAUNDRY TRI-STATE LLC<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>SPECIAL CIVIL PART<br>HUDSON COUNTY<br>TENANCY SECTION<br><br>CIVIL ACTION<br><br>DOCKET NO.: HUD-LT-001842-25<br><br>**CONSENT REINSTATING MATTER AND ENTERING JUDGMENT FOR POSSESSION** |

This matter being opened to the Court upon the filing of the complaint in the above matter, and it appearing that a) the Defendant during the pendency of this action had filed bankruptcy in the US Bankruptcy Court for the District of Delaware in a matter captioned In re: Deqser LLC, and bearing Case#: 25-10687 (CTG)" which action automatically stayed this proceeding; and b) this matter had been dismissed without prejudice as a result thereof and c) the above-referenced bankruptcy case has since been dismissed and/or closed; and d) the Tenant and Landlord having resolved the issue of the rights of possession of the Premises as set forth below during the pendency of the bankruptcy case, and for good cause shown:

Effective __________________, 2026, it is Ordered, Stipulated and Agreed as follows:

1. As a result of the closure and/or dismissal of the bankruptcy case, this matter is reopened and restored to the active calendar and
2. A judgment of possession shall be entered in favor of the Landlord but the warrant of removal shall not issue until except in the event of a breach by Tenant of its obligations under this Agreement.

3. There is due from Tenant to Landlord the sum of $ (the "Arrearage") for rents invoiced by Landlord under the Lease through ____, 2026 .

4. Tenant shall pay the Arrearage in good and immediately available funds as set forth on the attached Schedules. Each such payment is in addition to the Rents otherwise due under the lease, which Rents shall be paid as and when due pursuant to the terms of the Lease.

5. **Time is of the Essence for payments to be made such that (a) the Arrearage payments are received by Landlord in full and in good and indefeasible funds on or before the date indicated for same in the attached Schedules, and (b) the Rents under the Lease are paid on a current basis such that same are received by Landlord in full and in good and indefeasible funds on or before the date when due under the Lease.**

6. In the event tenant fails to make any payments as provided herein TIME IS OF THE ESSENCE, or fails to perform any of its obligations hereunder, landlord may file a certification with the Court exparte, with notice to Defendant's counsel, and a Warrant of Removal shall immediately issue.

7. The time for filing for a Warrant of Removal is tolled such that Landlord may apply for same at any time within thirty days of a default by Tenant of its obligations under this Agreement or the Lease.

8. The Court hereby retains jurisdiction for enforcement of this Order.

9. The Court finds that the parties have knowingly and voluntarily entered into the above agreement with the intent to settle this matter and for good cause shown, the agreement is accepted by the Court and parties are Ordered to comply with the terms thereof. The Court retains jurisdiction for purposes of enforcing this Order and the parties' agreement.

______________________________________JSC

SIGNATURE PAGE FOR PARTIES AND COUNSEL FOLLOWS

**The parties have agreed to this Order as indicated by their signatures below. Each party represents that they are entering into this Agreement knowingly and voluntarily.**

**KPIP Urban Renewal I, LLC**

**W. Lane Miller, P.C.**
**Attorney for Plaintiff**

**By:______________________________** **By:______________________________**

**KNY26671 LLC d/b/a**
**COOPERATIVE LAUNDRY**
**TRI STATE LLC**

**Attorney for Defendant**

**By:______________________________** **By:______________________________**