# **EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>DEQSER LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10687 (CTG)<br>(Jointly Administered) |

**DECLARATION OF KENNETH W. MANN IN SUPPORT OF THE DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014(a), AND LOCAL RULES 2014-1 AND 2016-2(h) TO (I) EMPLOY AND RETAIN SC&H GROUP, INC. AS INVESTMENT BANKER FOR THE DEBTORS *NUNC PRO TUNC* TO AUGUST 25, 2026 AND (II) WAIVE CERTAIN INFORMATION REQUIREMENTS UNDER LOCAL RULES**

I, Kenneth W. Mann, under penalty of perjury pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over the age of 18 and competent to testify. I am a Managing Director of SC&H Group, Inc. ("SC&H"), a Maryland corporation with its headquarters at 226 Schilling Circle, Suite 300, Hunt Valley Maryland 21301 I am duly authorized to execute this declaration (the "Investment Banker Declaration") on behalf of SC&H. To provide investment banking services, I have qualified as an Investment Banking Representative (S79). Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

2. This Declaration is being submitted in connection with the proposed retention of SC&H as investment banker for Deqser LLC and KNY 26671 LLC (the "Debtors" or the "Company" ) to perform services on the terms and conditions set forth in the *Debtors' Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-2(h) to (I) Employ and Retain SC&H Group, Inc. as Investment*

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of their federal tax identification numbers, are: (i) Deqser LLC (8269) and (ii) KNY 26671 LLC (9132) (collectively, the "Debtors"). The Debtors' mailing address is: c/o Cooperative Laundry, 1 Eastern Road, Kearny, NJ 0703

*Banker for the Debtors* Nunc Pro Tunc *to August 25, 2026_and (II) Waive Certain Information Requirements Under Local Rules* (the "Application") and the Engagement Letter attached to the Application as Exhibit A.

**BANKER QUALIFICATIONS**

3. SC&H and its affiliates provide middle market and large clients with a full spectrum of solutions to their strategic advisory, financing, and risk management needs. Its investment banking team provides M&A, distressed M&A, ESOP, capital markets, and valuation advisory services to middle market firms throughout the country. The current managing directors, directors, vice presidents, and associates of SC&H have extensive experience working with financially troubled companies in complex financial restructurings out-of-court and in chapter 11 proceedings. SC&H and its principals have been involved as financial advisors or investment bankers to debtor, creditor, trustee, and equity constituencies in many reorganization cases.

4. SC&H has provided financial advisory and investment banking services in hundreds of chapter 11 cases, including, *See*, *e.g.*, *In re SBG Burger Opco, LLC*, Case No. 6:23-bk-04797-TPG (Bankr. M.D. Fla. Feb. 26, 2024); *In re C&D Fruit and Vegetable Co., Inc.*, Case No. 8:18-bk-997-CED (Bankr. M.D. Fla. Mar. 21, 2018); *In re Sunland Medical Foundation*, Case No. 23-80000 (MVL) (Bankr. N.D. Tex. Oct. 18, 2023); *In re Golden Key Group, LLC*, Case No. 23-10414 (Bankr. D. Md. May 5, 2023); *In re Diamond Scaffold Services, LLC*, Case No. 22-11208 (Bankr. S.D. Ala. Oct. 28, 2022); *In re E-Box, LLC*, Case No. 22-23526 (Bankr. W.D. Tenn. Aug. 23, 2022); *In re Astech Engineered Products, Inc.*, Case No. 22-10635 (Bankr. D. Del. Jul. 15, 2022); *In re CCX, Inc.*, Case No. 22-10252 (Bankr. D. Del. Mar. 27, 2022); and *In re Glen Hope Harbor, Inc.*, Case No. 22-10146 (Bankr. W.D. Tex. Mar. 7, 2022).

5. SC&H not only has extensive experience in chapter 11 cases, but also has extensive experience working with companies in Debtors' industry. As a result, SC&H has developed a reserve of institutional knowledge related to, and an understanding of, the Debtors' business operations, and therefore will be able to facilitate the Debtors' efforts to maximize the value of their estates in these Chapter 11 Cases. I believe that SC&H and the professionals it employs are uniquely qualified to advise the Debtors in the matters for which SC&H is proposed to be employed.

## SERVICES TO BE RENDERED

6. As further set forth in the Engagement Letter, the Debtors have requested that SC&H serve as their investment banker during these Chapter 11 Cases to perform the following services, as requested and appropriate, on behalf of the Debtors:[2]

(i) Familiarize itself with the business, operations, assets, financial condition and prospects of the Company.

(ii) Advise the Company in analyzing its strategic alternatives and structuring and effecting the financial aspects of any Transaction.

(iii) Design the appropriate process to effect and initiate any Transaction, including any analysis of the various alternatives and, if appropriate, the potential Counterparties to be contacted for the Transaction.

(iv) Prepare an information memorandum or other materials about the Company and its Business for consideration by potential Counterparties.

(v) Contact potential Counterparties in connection with a Transaction and require potential Counterparties to execute Confidentiality Agreements in favor of the Company, unless you have instructed us to do otherwise.

(vi) Facilitate the development of a Virtual Data Room ("VDR") with appropriate diligence materials for review by potential Counterparties.

[2] The summaries of the Engagement Letter contained herein are solely for the convenience of the Court and parties in interest. To the extent that such summaries and the terms of the Engagement Letter are inconsistent, the terms of the Engagement Letter shall control.

(vii) Circulate any information memorandum and marketing materials, provide access to the VDR or send materials to potential Counterparties, after completing confidentiality documents.

(viii) Coordinate diligence with potential Counterparties and negotiate with and solicit offers from potential Counterparties. Advise the Company in structuring a Transaction and make recommendations as to whether a particular Transaction offer should be accepted.

(ix) In connection with a bankruptcy proceeding governing a potential Transaction, provide any relevant testimony and if necessary, provide assistance with the submission of bid procedures to the Court and conduct any auction that may result therefrom.

(x) Conduct a sale process under section 363, or any other applicable section, of Title 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), including, if requested by the Company, negotiate a "stalking horse" bid.

(xi) If requested by Company, negotiate with various stakeholders of the Company, including but not limited to, secured and unsecured creditors and equity shareholders, in regard to a Transaction.

(xii) Coordinate with the Company's legal counsel regarding matters related to the Transaction and the closing thereof ("Closing").

(xiii) Provide such other advisory services as are customarily provided by investment bankers in connection with the analysis, negotiation, and closing of a potential Transaction pursuant to Section 363 of the Bankruptcy Code, including, without limitation, conducting an auction to determine the "highest and best" proposal.

7. SC&H believes that its services will not duplicate the services that other professionals will be providing to the Debtors in these Chapter 11 Cases. Specifically, SC&H will carry out unique functions and will use reasonable efforts to coordinate with the Debtors' other retained professionals to avoid the unnecessary duplication of services.

**PROFESSIONAL COMPENSATION**

8. The Debtors and SC&H entered into the Engagement Letter on August 27, 2026. SC&H is and will continue to actively assist the Debtors in, among other things, raising capital, assessing a variety of options for restructuring the Debtors' finances and assisting the Debtors

with their chapter 11 cases. The terms of SC&H's compensation are as follows:

I. Monthly Fee – beginning on the first day of the term and continuing on the same day of each successive month thereafter during the term of this Agreement, the Company shall be obligated to pay SC&H, without notice or invoice, a nonrefundable cash fee of $25,000, payable in advance, on the same day of such 30-day period (each, a "Monthly Fee").

II. Transaction Fee –

i. In the event the Company completes a Sale, a fee (the "Sale Fee") to be paid upon the Closing of any Sale once approved by the Bankruptcy Court equal to the sum of:

For that portion of Total Consideration

a. Up to and including $18.0 million - 3.0%, plus
b. Greater than $18.0 million - 4.0%
c. Provided, however, other than as set forth in Paragraph 8 (I)(d) below, the Sale Fee shall never be less than $500,000 (the "Minimum Transaction Fee").
d. In the event the DIP lender's initial bid designated as a stalking horse is selected as the highest and best offer and subsequently closes (and is not the result of overbidding a third-party bid), the Sale Fee will be reduced to $325,000.

ii. In the event the Company completes a Financing, (other than (x) any Financing included in the calculation of Total Consideration for a Sale above; or (y) the debtor-in-possession financing facility, up to the amounts available under such facility on the date of this Agreement, a fee (the "Financing Fee"), to be paid upon the Closing of any Financing once such fee is approved by the Bankruptcy Court, equal to the greater of the Minimum Transaction Fee or the sum of:

a. 2.0% of the gross amount of funded or committed indebtedness that is secured by a first lien, plus
b. 2.5% of the gross amount of funded or committed indebtedness that (1) is secured by a second or more junior lien, (2) is unsecured and/or (3) is subordinated; plus
c. 3.5% of the gross amount of any funded or committed preferred or common equity, convertible or otherwise equity-linked securities or obligations.

9. The Fee Structure described in the Application and Engagement Letter (as modified as set forth in the Proposed Order) is consistent with SC&H's normal and customary billing practices for comparably sized and comparably complex cases and transactions, both in- and out-of-court. Further, the Fee Structure was established to reflect the difficulty of the extensive assignment SC&H has undertaken. Accordingly, SC&H believes that the proposed compensation arrangements are both reasonable and market-based.

10. SC&H has requested, pursuant to section 328(a) of the Bankruptcy Code, payment of its fees be on a fixed-rate basis, which is customary in the investment banking industry. It is not the general practice of investment banking firms to keep detailed time records similar to those customarily kept by attorneys. Accordingly, I respectfully submit that the requirements of Local Rule 2016-2(d) should be waived in light of the nature of SC&H's engagement and its compensation structure, as further explained in the Application. Further, to the extent the submission of time records is required, as set forth in the Engagement Letter, SC&H requests that it be permitted to maintain such records in one-hour increments.

11. SC&H will file fee applications, through Debtors' Counsel, for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court. However, in lieu of submission by SC&H of detailed billing statements that report time in one-tenth of an hour increments, SC&H will submit time records during the course of these cases in a summary format that sets forth a description of the services rendered by each of SC&H's restructuring professionals and the amount of time spent, in one-hour increments, each date by such professional rendering services to the Debtors.

12. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any order of this Court, or any other guideline regarding the submission and approval of fee applications, SC&H respectfully requests its professionals be excused from the interim fee application requirements of Bankruptcy Code sections 330 and 331.

13. In addition, under the terms of, and as more fully set forth in, the Engagement Letter, the Debtor has agreed, among other things, to reimburse SC&H for its reasonable expenses, not to exceed $20,000, and to indemnify and hold harmless SC&H from and against all claims, direct damages, losses and actual out-of-pocket expenses, including court costs and reasonable attorneys' fees and, at SC&H's option, will defend SC&H against any Claim, due to SC&H's provision of services under the agreement other than Claims arising from SC&H's own gross negligence, bad faith, or willful misconduct. (such provisions being the "Indemnification Provisions"). Such expense reimbursement and indemnification provisions are standard in the investment banking industry, and SC&H believes that such provisions are fair and reasonable.

**SC&H'S DISINTERESTEDNESS**

14. In connection with its proposed retention by the Debtors in these cases, SC&H undertook to determine whether SC&H had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to any of the Debtors. Specifically, SC&H obtained from the Debtors and/or their representatives the names of individuals and entities that may be parties-in-interest in these Chapter 11 Cases (the "Potential Parties-in-Interest") and such parties are listed on Exhibit 1 annexed hereto. SC&H has researched its electronic client files and records to determine its connections with the Potential Parties-in-Interest. I am unaware of any engagements of SC&H by the Potential Parties-in-Interest within the past three years.

15. SC&H does not hold a prepetition claim against the Debtors for services rendered to, or expenses incurred prior to the Petition Date.

16. Given the size of SC&H and its affiliates and the breadth of their client base, it is possible that SC&H may now or in the future be retained by one or more of the Potential Parties-in-Interest in unrelated matters without my knowledge. In addition, the Debtors have numerous customers, creditors, and other parties with whom they may maintain business relationships and some may not be included as Potential Parties-in-Interest. To the extent that SC&H discovers any such parties, or enters into any new, material relationship with Potential Parties-in-Interest, it will supplement this disclosure to the Court promptly. Other than as disclosed herein, to the best of my knowledge, SC&H has no other relationship with the Debtors of which I am aware.

17. Some of SC&H's present and future employees may have, or may in the future have, personal investments in funds or other investment vehicles, over whose investment decisions such employees have no input or control. Such entities may have made, or may in the future make, investments in certain of the Debtors' securities, or those of their creditors or other parties-in-interest in this case.

18. Based upon the foregoing, I believe that SC&H is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors or their estates. If this Court approves the proposed engagement of SC&H by the Debtors, SC&H will not accept any engagement or perform any service for any entity or person other than the Debtors in connection with these Chapter 11 Cases.

19. If any new relevant facts or relationships are discovered or arise during the

pendency of these Chapter 11 Cases, SC&H will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration as required by Bankruptcy Rule 2014.

20. I am not related or connected to and, to the best of my knowledge, no other professional of SC&H who will work on this engagement is related or connected to, any United States Bankruptcy Judge for the District of Delaware or any of the District Judges for the District of Delaware who handle bankruptcy cases, or any employee in the Office of the U.S. Trustee.

21. No promises have been received by SC&H as to compensation in connection with these Chapter 11 Cases, other than as outlined in the Engagement Letter, and SC&H has no agreement with any other entity to share any compensation received with any person other than the principals and employees of SC&H.

Pursuant to 26 U.S.C. § 1746, I declare under the penalty of perjury, that the foregoing is true and correct to the best of my information, knowledge and belief.

Executed on: September 1, 2026

By: */s/ Kenneth W. Mann*
Kenneth W. Mann, Managing Director
SC&H Group, Inc.

# EXHIBIT 1

# Case Parties List

**Debtors:**

- Deqser LLC
- KNY 26671 LLC

**Non-Debtor Affiliates:**

- Cooperative Laundry SMS LLC
- Deqser QOS LLC

**Professionals:**

- Gellert Seitz Busenkell & Brown, LLC
- Mayerson & Hartheimer, PLLC

**State Franchise and Federal Taxing Authorities:**

- Internal Revenue Service
- New Jersey Division of Taxation
- PA Department Of Revenue

**Banks:**

- JPMorgan Chase Bank

**Insurance Companies:**

- Travelers
- Starr Indemnity & Liability Co.
- Lloyd's London
- Gotham Insurance Co.
- Arch Specialty Insurance Co.
- Kinsale Insurance Company
- National Fire Insurance Co. Of Hartford

**Utilities:**

- PSE&G
- KPIP Urban Renewal II, LLC

**Top 20 Unsecured Creditors:**

- Eastern Funding LLC
- Kannegiesser GmbH
- Kannegiesser - eTech Inc.
- MCA Servicing Company
- KPIP Urban Renewal I LLC

- Amtrust Audit United States
- Wynwood Capital Group
- PIRS Capital, LLC
- Parkside Funding Group
- Avendra, LLC
- North Shore Linen Inc
- PSE&G
- Horizon BlueCross Blue Shield of NJ
- Direct Energy Business
- HUB Truck Leasing & Rentals
- Jackson Lewis
- Safety Facility Services
- Diamond Chemical Co., Inc.
- Sax LLP
- Atlantic - Tomorrow's Office

**Secured Creditors:**

- Merchant Financial Corporation
- Feenix Venture Partners
- Irazuk LLC
- Eastern Funding LLC
- Deutche Leasing USA, Inc (Kannegeiser)

**Contract Parties:**

- Atlantic - Tomorrow's Office
- KPIP Urban Renewal II, LLC

**Equity Holders:**

- Kuzari Investor 26671 LLC
- Sang Cho
- Benjamin Gerut

**Officers/Directors:**

- Sang Cho
- Benjamin Gerut

**Employees:**

Husam Y Abdeen
Monica Acosta Carpio
Elizabeth I Mamani Taza
Judith Maobe

Jose Aguilar
Marlene Aguilar
Sandra Aguilar
Lidia Aguinda
Cristian Andres Alarcon Silva
Margarita Maria Alcantara Ortega
Cecilia Altamirano
Diana E Alvacora Lema
Jose Alvarez
Josefina Alvarez
Hassan Annouar
Mauricio Araya
Giovanna Arce
Isaii Ascencios
Kelvin Avendano Pacheco
Luis A Aviles Vazquez
Dicedi Ballesteros Carabali
Maritza Bedon
Libia R Beltran Garcia
Jose A Benitez
Yanira P Benitez
Neysi Carolina Blandon Alfaro
Ampelio Fredito Blas Picon
Esteban Brazoban
Andrew Bright
Franklin Buchelli
Maria Del Pilar Burgos Leon
Adriana J Cabrera Valdivieso
Ismena Caicedo
Juana H Canales
Treysi Cano
Elena Cantos
Jorge A Cardoza Quesada
Mauricio Carvajal
Dilcia Castaneda
Ana P Castillo Ramos
Chela Paulina Cevallos
Olga Choloquinga
Ana Clase
Valentin Colmenares
Ana R Cortorreal
Belen Cotrina
Moises Cotrina
Richard Coy
Lourdes C Cruz
James Edward Cummings
Santos Martinez Luna
Leidy Johana Martinez Vargas
Jose Tomas Martinez
Maria Martinez
Maria G Martinez
Nicole Mella
Nicole Mendez
Elena V Mendiburu Perez
Juan Mendieta Granda
Judith Mendoza
Rosa E Mijango De Gonzalez
Christian Montes
Maria A Montilla Rodriguez
Sokol Necaj
Rosemary Negrin
Hector L Nieves
Isabel Noboa
Orlando Nolasco
Diana Novoa Suarez
Richard H Novoa Suarez
Rosario Nunez Delorbe
Wendy K Ochoa Sabando
Nomey Ontaneda
Jovany Ovalles
Patricia A Pacheco
Blanca Parra
Jesus Peraza Maduro
Belinda Perez
Licendy Perez
Mercedes Pineyro
Lucas Alfredo Pop Choc
Marcos Pop Chop
Paola Pulido
Antonio Quiej Huix
Carmen M Quilli Quituizaca
Rosa Quilli
Michelle Reyes
Elizabeth M Reyna Luciano
Carlos Ricaurte
Elver Sebastian Rios Gonzalez
Blanca Iris Rivera
Alicia Roblero Angel
Kerly Rodriguez Serrano
Alexandra Rodriguez
Katherine Rodriguez
Miguel A Rodriguez

Wando Da Silva Bezerra
Maria De La Cruz
Angel Delgado Rodriguez
Martha Demera De Guazhco
Dahwin Diaz
Rosa Dominguez
Jairo Espinal
Franklin Felipe
Jenny Ferran Hiraldo De Molina
Jose Luis Frometa Artiles
Guillermina Garcia Santivanez
Esther Migdalia Garcia
Valeria A Garcia
Emili Adriana Garzon Rodriguez
David E Gomez Garcia
Johanna Gonzalez
Juan C Gonzalez
Linda Gonzalez
Miriam Gonzalez
Danny Granda
Cristian L Hidalgo
Cedelina Huaman
Teresa Ibanez
Julianna Anahi Jara Cabrera
Ryan A Jerez Martinez
Aramis Jerez
Ivelisse Jimenez Castillo
Damian Jimenez Vasquez
Edmeade Joseph
Delia Jumbo
Sandra Lara Aybar
Joselin Linarez Brito
Pauleth Loaiza
Claudia Lopez
Dania Lopez
Jose R Lopez
Maria Lopez
Darimel Lora Lara
Lennon Lora
Modesta Luna
Rocio Mainato
Stefano Simon Malfa Diaz
Viviana Rodriguez
Yolanda Del Carmen Rodriguez
Laura Rojas
Marleny Roman Andia
Gonzalo Roman
Britany S Romero
Yasmin Elizaber Rosa Martinez
Nubia Sanchez Argueta
Susy A Sanchez Duran
Daneyda M Sanchez Moncada
Juan Alejandro Sanchez
Laura Sanchez
Ricardo Sanchez
Yolanda Sanchez
Jonathan Sanez
Roger Sarango
Shary Nicolle Sierra Valladares
Sonnia Siguencia
Marlene Suarez
Robin Suarez
Carlos Taboada
Marco Tabora
Silvia Leticia Taperia Teletor
Luis Tavera Fernandez
Rosa Tejada
Any M Thomas Hernandez
Luis E Toro Arias
Carlos L Trejos
Vivian M Umana
Jose J Urrea Colmenares
Wendy Valera
Domenica Y Valladares Chamba
Patricia Johanna Valladares
Alejandra Vargas
Jose Ygnacio Vasquez Marte
Jeimy Vasquez
Ana R Ventura
Jorge Vilanez
Davyne White
Ameer A Wright
Andres Zambrano Ormaza

**<u>Litigation Parties:</u>**

- FVP Opportunity Fund III, LP

- FVP Servicing, LLC
- Herbert Kannegiesser GmbH
- Eastern Funding LLC
- North Shore Linen, Inc.
- Kannegiesser ETECH, Inc.
- Technology Insurance Company
- MCA Servicing Company
- ML Plaza Owner LLC dba Hilton Meadowlands
- Pirs Capital, LLC

**Delaware Bankruptcy Judges:**

- Judge Craig T. Goldblatt
- Judge Thomas M. Horan
- Chief Judge Karen B. Owens
- Judge Brendan L. Shannon
- Judge Laurie Selber Silverstein
- Judge J. Kate Stickles
- Judge Mary F. Walrath

**Office of the United States Trustee,**
**Region 3, Wilmington, DE Office**

- Joseph McMahon
- Lauren Attix
- Malcolm M. Bates
- Linda Casey
- Joseph Cudia
- Holly Dice
- Shakima L. Dortch
- Timothy J. Fox, Jr.
- Diane Giordano
- Michael Girello
- Christine Green
- Benjamin Hackman
- Nyanquoi Jones
- Hawa Konde
- Jane Leamy
- Jonathan Lipshie
- Hannah M. McCollum
- Jonathan Nyaku

- James O'Malley
- Linda Richenderfer
- Richard Schepacarter
- Edith A. Serrano
- Rosa Sierra-Fox
- Elizabeth Thomas
- Dion Wynn