# EXHIBIT C

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>DEQSER LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10687 (CTG)<br>(Jointly Administered) |

**ORDER AUTHORIZING DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014(a), AND LOCAL RULES 2014-1 AND 2016-2(h) TO (I) EMPLOY AND RETAIN SC&H GROUP, INC. AS INVESTMENT BANKER FOR THE DEBTORS *NUNC PRO TUNC* TO AUGUST 25, 2026, AND (II) WAIVE CERTAIN INFORMATIONAL REQUIREMENTS UNDER LOCAL RULES**

Upon the Debtors' application (the "Application")[2] for entry of an order (this "Order") pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Rules 2002-1 and 2016-2(h) of the Local Rules of the Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the *nunc pro tunc* employment and retention of SC&H Group, Inc. ("SC&H") as investment banker to the Debtor effective as of August 25, 2026 on the terms set forth in the Engagement Letter; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the consideration of the Application and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b); and the Court having considered the Application, the accompanying *Declaration of SC&H in Support of Debtors' Application Pursuant to Section 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-2(h) to (I) Employ and Retain SC&H as*

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of their federal tax identification numbers, are: (i) Deqser LLC (8269) and (ii) KNY 26671 LLC (9132) (collectively, the "Debtors"). The Debtors' mailing address is: c/o Cooperative Laundry, 1 Eastern Road, Kearny, NJ 0703

[2] Terms utilized but not defined herein shall have the meanings ascribed to them in the Application.

*Investment Banker to the Debtor Nunc Pro Tunc to August 25, 2026, and (II) Waive Certain Informational Requirements Under Local Rules*, and all responses and objections to the Application; and the Court being satisfied that SC&H is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code; and the Court finding that the employment of SC&H as investment banker is in the best interest of the Debtor and the estate; and notice of this Order having been given to all parties entitled to receive notice; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Application is approved as set forth herein; and it is further

ORDERED, that pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a), and Local Rules 2014-1 and 2016-2(h), the Debtors are authorized to employ and retain SC&H as investment banker *nunc pro tunc* to August 25, 2026, on the terms and conditions set forth in the Application and the Engagement Letter; and it is further

ORDERED, that SC&H is authorized to record its time in increments of no less than 1 hour and record sufficiently adequate detail such that the reasonable value of SC&H's services may be determined; and it is further

ORDERED, that SC&H shall file a final fee application for allowance of compensation and reimbursement of fees and expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any other applicable procedures established by this Court; provided, that SC&H's compensation shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code and not subject to any other standard of review, including under section 330 of the Bankruptcy Code. This Order and the record relating to this Court's consideration of the Application shall not prejudice or otherwise affect the rights of the Office of the United States

Trustee (the "U.S. Trustee") and the Official Committee of Unsecured Creditors (the "Committee") to challenge the reasonableness of SC&H's fees under the standard set forth in the preceding sentence. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee or the Committee, on appeal or otherwise, with respect to the reasonableness of SC&H's fees; and it is further

ORDERED, that the United States Trustee and the Committee and the Court shall retain the right to object to the compensation and fees and expenses to be paid to SC&H pursuant to the Application and the Engagement Letter, including, without limitation, the Sale Fee, based on the reasonableness standard provided for in section 330 of the Bankruptcy Code, and this Court shall consider any such objection by the U.S. Trustee or the Committee under section 330 of the Bankruptcy Code;

ORDERED, that to the extent this Order is inconsistent with the Engagement Letter, this Order shall govern; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of the Application and Order.