**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>DEQSER LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10687 (CTG)<br>(Jointly Administered)<br><br>RE: D.I. 531 and 552 |

**ORDER AUTHORIZING DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014(a), AND LOCAL RULES 2014-1 AND 2016-2(h) TO (I) EMPLOY AND RETAIN SC&H GROUP, INC. AS INVESTMENT BANKER FOR THE DEBTORS *NUNC PRO TUNC* TO AUGUST 25, 2026, AND (II) WAIVE CERTAIN INFORMATIONAL REQUIREMENTS UNDER LOCAL RULES**

Upon the Debtors' application (the "Application")[2] for entry of an order (this "Order") pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Rules 2002-1 and 2016-2(h) of the Local Rules of the Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the *nunc pro tunc* employment and retention of SC&H Group, Inc. ("SC&H") as investment banker to the Debtors effective as of August 25, 2026 on the terms set forth in the Engagement Letter; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the consideration of the Application and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b); and the Court having considered the Application, the accompanying *Declaration of SC&H in Support of Debtors' Application Pursuant to Section 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-2(h) to (I) Employ and Retain SC&H as*

---

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of their federal tax identification numbers, are: (i) Deqser LLC (8269) and (ii) KNY 26671 LLC (9132) (collectively, the "Debtors"). The Debtors' mailing address is: c/o Cooperative Laundry, 1 Eastern Road, Kearny, NJ 0703

[2] Terms utilized but not defined herein shall have the meanings ascribed to them in the Application.

*Investment Banker to the Debtor Nunc Pro Tunc to August 25, 2026, and (II) Waive Certain Informational Requirements Under Local Rules* (the Investment Banker Declaration") , and all responses and objections to the Application; and the Court being satisfied that SC&H is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code; and the Court finding that the employment of SC&H as investment banker is in the best interest of the Debtor and the estate; and notice of this Order having been given to all parties entitled to receive notice; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Application is approved as set forth herein; and it is further

ORDERED, that pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a), and Local Rules 2014-1 and 2016-2(h), the Debtors are authorized to employ and retain SC&H as investment banker *nunc pro tunc* to August 25, 2026, on the terms and conditions set forth in the Application and the Engagement Letter; and it is further

ORDERED, that SC&H will submit monthly fee invoices to the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") and any official committee of unsecured creditors (the "Committee") describing in narrative fashion the work performed during the monthly period by each professional working on the engagement. For the avoidance of doubt, SC&H shall be entitled to the payment of its Monthly Fee on the first day of the month as provided by the Engagement Agreement while submitting the monthly fee invoice as described herein, without the need for monthly or interim applications for compensation. Notwithstanding anything to the contrary in the Engagement Agreement, to the extent that the Debtors and SC&H agree that SC&H should perform additional services not contemplated by the Engagement Agreement resulting in additional fees, such fees shall be subject to advance notice to and approval by the

Court.

Ordered, that with respect to payment by the Debtors' estates of any Transaction Fee and expense reimbursements, SC&H shall file a final fee application for final allowance of compensation for services and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court. SC&H's compensation shall be subject to the standard of review provided in Bankruptcy Code section 328(a) and not subject to any other standard of review under Bankruptcy Code section 330; provided, however, that the U.S. Trustee and the Committee shall retain rights to object to SC&H's request for final compensation and reimbursement based on the reasonableness standard provided in Bankruptcy Code section 330; provided, further, that none of the fees payable to SC&H under the Engagement Letter or the Application shall constitute a "bonus" or fee enhancement under applicable law, and it is further.

ORDERED, that Notwithstanding anything to the contrary in this Order, the Application, the Engagement Agreement or the Investment Banker Declaration, SC&H shall comply with all requirements of Bankruptcy Rule 2016(a), and Local Rule 2016-1, including all information and time keeping requirements of Local Rule 2016-1(d), except that SC&H shall be permitted to keep professional time records in half-hour (0.50) increments, shall not be required to keep time records on a project category basis and shall not be required to conform to any schedule of hourly rates for its professionals. SC&H shall maintain records of services rendered for the Debtors, including summary descriptions of those services, the time expended in providing those services, and the identity of the individuals who provided those services. SC&H shall include such records in its final fee application. SC&H must submit monthly fee invoices to the U.S. Trustee and the Committee, describing in narrative fashion the work performed during the monthly period by each

professional working on the engagement. SC&H must submit the monthly fee invoices to the U.S. Trustee and any Committee by the twentieth (20th) day of each calendar month.; and it is further

ORDERED, that to the extent that SC&H uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these Chapter 11 Cases, SC&H shall (i) pass through the cost of such Contractors at the same rate that SC&H pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for SC&H; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014; and it is further

ORDERED, that in the event that, during the pendency of these cases, SC&H seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in SC&H's fee applications and such invoices and time records shall be in compliance with Rule 2016-2(f) of the Local Rules of this Court, and shall be subject to the U.S. Trustee Guidelines and approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330 (a)(3)(C) of the Bankruptcy Code; and it is further

ORDERD, that notwithstanding anything to the contrary in this Order, the Application or any of its attachments, or anything to the contrary in the Engagement Agreement, SC&H will not seek reimbursement of any fees incurred defending any of SC&H's fee applications in these Chapter 11 Cases; and it is further

ORDERED, that the Indemnification Provisions of the Engagement Agreement are approved, subject during the pendency of these Chapter 11 Cases to the following:

(a) SC&H shall not be entitled to indemnification, contribution or reimbursement pursuant

to the Engagement Agreement for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

(b) The Debtors shall have no obligation to indemnify SC&H, or provide contribution or reimbursement to SC&H, for any claim or expense to the extent that it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from SC&H's gross negligence, willful misconduct, or bad faith; (ii) for a contractual dispute in which the Debtors allege breach of SC&H's contractual obligations, unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to applicable case law; or (iii) settled prior to such a judicial determination as to exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to (c) below to be a claim or expense for which SC&H should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order; and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing this chapter 11 case, SC&H believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Application), including without limitation the advancement of defense costs, SC&H must file an application therefore in this Court, and the Debtors may not pay any such amounts to SC&H before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under

which the Court shall have jurisdiction over any request for fees and expenses by SC&H for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify SC&H. All parties in interest shall retain the right to object to any demand by SC&H for indemnification, contribution or reimbursement; and it is further

ORDERED, that SC&H shall provide to counsel to (i) the Committee; (ii) Eastern Funding LLC; (iii) Merchant Financial Corporation; and (iv)Herbert Kannegiesser GmbH and Kannegiesser North America, LLC , on a weekly basis (or at such other intervals as the Debtors and the Committee may agree), a written report (each, a "Sale Process Report") regarding the status of the marketing and sale process for the Debtors' assets, which Sale Process Report shall include, to the extent reasonably available and subject to applicable confidentiality restrictions:

(a) a summary of marketing activities conducted during the reporting period, including outreach to potential purchasers and the distribution of marketing materials when applicable;

(b) the number of parties contacted during the reporting period, and a description of the identity of such parties to the extent permissible, together with a summary of any material responses, expressions of interest, or indications of interest received;

(c) the status of any executed or pending non-disclosure agreements and any letters of intent, term sheets, or similar preliminary expressions of interest;

(d) any material developments, obstacles, or changes in the sale or marketing process; and

(e) anticipated next steps and any updates to the sale process timeline; and it is further

ORDERED, that Notwithstanding anything contrary in the Engagement Agreement or the Application or any of its attachments, any limitation of liability shall be of no force and effect

during the Chapter 11 Cases; and it is further;

ORDERED, that SC&H shall not unilaterally terminate its engagement under the Engagement Letter absent prior notice on the Debtor, the U.S. Trustee and counsel to the official committee of unsecured creditors in this Chapter 11 Case who shall have five (5) days to review and object; and it is further

ORDERED, that SC&H shall be compensated in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Order, and any other applicable orders of this Court; and it is further.

ORDERED, that to the extent this Order is inconsistent with the Engagement Letter, this Order shall govern; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of the Application and Order.



**Dated: October 7th, 2026**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**



190583136.1